IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTTIE H. GIBSON, | ) | |
|    ID # 201901879, | ) | |
|       Petitioner, | ) | |
| vs. | ) | No. 3:21-CV-0703-S-BH |
| | ) | |
| WARDEN BRYAN GORDY, | ) | |
|       Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on March 25, 2021 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

## I.    BACKGROUND

Scottie H. Gibson (Petitioner), a state pretrial detainee incarcerated in the Johnson County Law Enforcement Center in Cleburne, Texas, brings this habeas action under 28 U.S.C. § 2241 to challenge his pretrial detention. (*See* doc. 3 at 1-2.) He names Warden Bryan Gordy as the respondent. (*See id.* at 1.)

Petitioner claims that: (1) his "constitutional right under the 8th amendment has been violated due to excessive bail, cruel and unus[u]al punishment"; (2) "[p]ursuant to Article 7.03, Article 7.08, and Article 7.09 of the Texas Code of Criminal Procedure, [his] constitutional right has been violated which is protected by the 14th amendment section 2"; and (3) "[a]ccording to the Texas Constitution Article I § Section 11 and Section 13; pursuant to Article 17.151, [he is] entitled to be released on either personal bond or bond reduction because remedy was not given

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

this is a violation[.]" (*Id.* at 5-6.)

## II. SECTION 2241

Section 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case,]'" is the proper vehicle for seeking habeas relief from pretrial detention. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). "[T]o be eligible for habeas relief [under 28 U.S.C. § 2241, however], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson*, 816 F.2d at 224. The exhaustion requirement for § 2241 was "judicially created on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Curtis v. Garza County Jail*, No. 5:18-CV-00205-M-BQ, 2019 WL 5698802, at *1 (N.D. Tex. Oct. 8, 2019) (citing *Clark v. Anderson*, No. 4:01-CV-723-Y, 2001 WL 1631538, at *3 (N.D. Tex. Dec. 14, 2001)), *rec. adopted by* 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exhaustion may be excused "only in those 'rare cases' where [the petitioner] can show 'exceptional circumstances of peculiar urgency' so impinge upon his due process rights that immediate federal court interference is mandated." *Hughes v. Ryan*, No. 2:18-CV-177-D, 2018 WL 6729654, at *1 (N.D. Tex. Nov. 16, 2018) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)), *rec. adopted by* 2018 WL 6726550 (N.D. Tex. Dec. 21, 2018).

Exhaustion requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state." *Deters*, 985 F.2d at 795; *see also Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) ("'The exhaustion of administrative remedies doctrine requires not that only administrative remedies selected by the complainant be first exhausted, but instead that all those prescribed administrative remedies which might provide appropriate relief be pursued prior

to seeking relief in the federal courts.'"). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). To challenge his pretrial detention, a detainee "must first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure." *Curtis*, 2019 WL 5698802, at *2 (citing Tex. Code Crim. P. art. 11.08 (West 2008) and *Cotton v. Jefferson County*, No. 1:13cv267, 2013 WL 3367299, at *2 (E.D. Tex. July 3, 2013)). He may then seek review by "'direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals).'" *Id.* (quoting *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ)).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, although Petitioner cites statutory provisions for a state writ of habeas corpus, he has not alleged that he has pursued state habeas relief in state court for his claims, and there is no record that he has sought such relief. (*See* doc. 5 at 3); *see also* http://search.txcourts.gov (last visited Apr. 8, 2021). Because he has not presented his habeas claims to the Texas Court of Criminal Appeals, the highest court of the state has not had an opportunity to review them. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial

proceedings."). Petitioner is therefore not entitled to habeas relief under § 2241 for failure to exhaust his state remedies.

### III.  RECOMMENDATION

The petitioner's *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on March 25, 2021 (doc. 3), should be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**SIGNED this 8th day of April, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE