IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTTIE H. GIBSON,<br>    ID # 201901879,<br>        Petitioner, | )<br>)<br>) | |
| vs. | ) | No. 3:21-CV-0703-S-BH |
| | ) | |
| WARDEN BRYAN GORDY,<br>        Respondent. | )<br>)<br>) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Motion to request respondant [sic] to issue the return of the writ*, received on June 24, 2021 (doc. 15). Based on the relevant filings and applicable law, the motion should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**I.   BACKGROUND**

Scottie H. Gibson (Petitioner) filed a federal habeas motion under 28 U.S.C. § 2241 that was received on March 25, 2021. (*See* doc. 3.) On April 8, 2021, it was recommended that the motion be dismissed without prejudice for failure to exhaust administrative remedies. (*See* doc. 10.) Petitioner objected to the recommendation on April 28, 2021, and on June 18, 2021, the recommendation was accepted over his objections. (*See* docs. 11, 13.) A judgment dismissing the § 2241 petition without prejudice for failure to exhaust administrative remedies was entered on June 21, 2021. (*See* doc. 14.) Petitioner now moves for an order "directing the respondant [sic] to show cause why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto." (doc. 15 at 1.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

## II.     FED. R. CIV. P. 59(e)

Because Petitioner's motion was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *accord In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020) (holding that prisoner's titled Rule 60(b) post-judgment motion should have been construed as a Rule 59(e) motion because it was filed within 28 days of entry of judgment).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner argues that he "has given ample enough time for the court and respondant [sic] to determine the adjudication of my petition." (doc. 15 at 2.) He does not allege new evidence

or a change in the law, and he has not demonstrated a manifest error of law or fact. As noted in the recommendation, Petitioner did not allege in his petition that he pursued state habeas relief in state court for his claims, and there is no record that he sought any such relief. (*See* doc. 10 at 3.) Petitioner did not present his habeas claims to the Texas Court of Criminal Appeals, and therefore, the highest court of the state did not have an opportunity to review his habeas claims. (*See id.*) A ruling by the federal court would preempt the state court from performing its proper function. (*See id.*) Accordingly, Petitioner failed to exhaust his administrative remedies and was not entitled to § 2241 relief. (*See id.* at 3-4.)

Because Petitioner has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

### III.  RECOMMENDATION

The *Motion to request respondant [sic] to issue the return of the writ*, received on June 24, 2021 (doc. 15), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 30th day of June, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE